IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                                      PETITIONER

VERSUS                                                      CIVIL ACTION NO. 5:09cv155-KS-MTP

U. S. PARDON ATTORNEY, et al.                                                     RESPONDENTS

## **MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. On September 21, 2009, the Petitioner, an inmate incarcerated at the F.C.I.-Yazoo, Yazoo City, Mississippi, filed this petition for a writ of habeas corpus [1] pursuant to 28 U.S.C. § 2241 and requested *in forma pauperis* status. He is naming U.S. Pardon Attorney, Bruce Pearson, Harley Lappin, L. Chisolm, Barack Obama, Elizabeth Foster and CO-M. Brown as respondents. As relief, Petitioner is requesting that this Court grant him a preliminary injunction, the Court issue him habeas corpus relief so that he can be discharged from incarceration and any other relief this Court deems appropriate.

The Petitioner states in his petition [1] that he was convicted in the United States District Court for the Western District of Pennsylvania on February 28, 2005 and on March 13, 2006. He was sentenced to a total of 123 months in the custody of the Bureau of Prisons. Pet. [1]. Petitioner further states in his petition [1] that his sentences were affirmed by the United States Court of Appeals for the Third Circuit.

The Petitioner presents in the instant petition [1] as grounds for habeas relief the following:

> GROUND ONE: U.S. Pardon Attorney and Respondents violated my Fifth Amendment rights and I must be immediately release from unlawful confinement.
>
> GROUND TWO: The BOP failed to provide notice for a scheduled program review or consider my request for immediate halfway house or compassionate release in

violated of the Fifth Amendment.

In addition to the two grounds for habeas relief, Petitioner also includes additional claims alleging that his constitutional rights have been violated. Pet. [1]. Petitioner asserts that Respondent Brown singled him out for an electronic scanner search after Petitioner stated that he was going to file a § 2241 petition contesting the execution of his sentence. Pet. [1]. He further complains in his petition [1] that he did not receive a 48-hour notice of his team meeting and that he has not received "expedited consideration of [his] pardon petition" because he is an American Indian.

## Analysis

As an initial matter, this Court finds that the proper party Respondent in a petition for habeas relief pursuant to 28 U.S.C. § 2241 is Petitioner's custodian, Bruce Pearson, Warden - FCI Yazoo, where the Petitioner is presently incarcerated. *See* 28 U.S.C. § 2243. Furthermore, this Court finds that federal habeas relief may be granted when Petitioner establishes a violation of his federal constitutional rights. *See* 28 U.S.C. § 2241(c)(3). A petitioner may file a writ of habeas corpus which attacks the manner in which a petitioner's sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). Since the Petitioner is housed in a facility where this court has jurisdiction over his custodian, he may file such a habeas request.

Petitioner presents as his first ground for habeas relief a claim that he is entitled to be released immediately because the U.S. Pardon Attorney and Respondents violated his Fifth Amendment rights. Specifically, Petitioner asserts that he had submitted to the Pardon Attorney a petition requesting that he be released. Petitioner states that even though the Pardon Attorney eventually acknowledged receipt of the petition, he failed to process or act on the petition and

2

subsequently failed to respond to Petitioner's further inquiries about the status of his petition. Because of the Pardon Attorney's failure to respond to the Petitioner's inquiries, the Petitioner asserts that his constitutional rights to a pardon have been violated.

Clearly, "[a] convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence."  *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1988). Moreover, the Petitioner has no constitutional right to receive a pardon.  *See Griggs v. Fleming,* 88 Fed. App'x. 705, 2004 WL 315195, @ *1 (5th Cir. Feb. 13, 2004) (citing *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464-67, 101 S.Ct. 2460, 69 L.Ed. 2d 158 (1981)). Consequently, Petitioner's claim that he is entitled to habeas relief because of the lack of a response from the U.S. Pardon Attorney or other federal authorities relating to his request for a pardon is without merit.  *See id.*

In ground two of the request for habeas relief, Petitioner asserts that the Bureau of Prison's failure to provide proper notice of his team meeting is cause for granting his habeas relief. Petitioner contends that he was not given a 48-hour notice, but only a 25-hour notice, prior to the team meeting being conducted on September 17, 2009.  Therefore, Petitioner did not have adequate notice to prepare for the team meeting.  Petitioner argues that if he had received the 48-hour notice he would have been granted an early release pursuant to the compassionate release program because of his special and exceptional circumstances.  As discussed below, this Court does not find that Petitioner's constitutional rights have been violated.

The Court finds that as a general matter the Bureau of Prisons has made available a compassionate release request for inmates who are "terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-case." *Williams v. Van Buren*, 117 F.3d. App'x. 985, 986, 2004 WL 2943627, @ *1 (5th Cir. Dec. 20,

2004). In the instant petition, there is no allegation that Petitioner has a medical condition which would result in his death within one year or that he suffers a debilitating and irreversible condition which renders him helpless. *See id.* (The petitioner had cancer which was in remission and was not granted a compassionate release.); *Figueroa v. Chapman*, No. 08-11117, 2009 WL 2998697, *1 (5th Cir. Sept. 21, 2009)(The petitioner's § 2241 request for compassionate release was denied even though she needed a liver transplant.). The Court further notes that Petitioner has failed to present any reasons which are extraordinary and compelling to warrant a compassionate release. Therefore, notwithstanding the alleged failure to provide Petitioner with 48-hour notice of his team meeting, it is clear that habeas relief pursuant to § 2241 cannot be granted under these circumstances.

Petitioner's claim and requested relief concerning release to a half-way house was litigated in this Court in two other civil actions. *See Banks v. Pearson*, civil action number 5:09cv148-DCB-MTP, *consolidated with Banks v. Everett*, civil action number 5:09cv174-DCB-MTP. This Court entered a Judgment [33] on July 16, 2010, dismissing those civil actions with prejudice. *Id.* Petitioner then appealed that decision to the United States Court of Appeals for the Fifth Circuit and same is presently pending in *Banks v. Pearson*, appeal no. 10-60626. Therefore, this claim is being dismissed without prejudice since it is being litigated in separate civil actions.

Finally, this Court finds that Petitioner's claims against Respondent Brown for allegedly retaliating against Petitioner for filing a civil action concerning the execution of this sentence, his claim that he has been denied equal protection to receive 48-hour notification of his team meeting to discuss his classification and his claim that he has been denied equal protection when he as a native American Indian has not received an expedited consideration of his pardon petition are not habeas in nature, but relate to conditions of his confinement. Clearly, "habeas is

4

not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in *Pierre* stated that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36. Therefore, Petitioner cannot maintain these claims in the instant § 2241 habeas request because these claims will not result in Petitioner receiving an accelerated release and as such, these claims will be dismissed without prejudice so that Petitioner can pursue those claims in the appropriate non-habeas civil action.[1]

## Conclusion

As stated above, Petitioner has failed to present grounds upon which habeas relief pursuant to 28 U.S.C. § 2241 can be granted. Therefore, the instant § 2241 petition will be dismissed with prejudice, except the dismissal is without prejudice as to his claims relating to the half-way house, which has been litigated in two other civil actions in this Court and is presently pending on appeal with the Fifth Circuit, and his conditions of confinement claims relating to his claims for retaliation and equal protection.

A final judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the 9th day of September, 2010.

            *s/Keith Starrett*
            UNITED STATES DISTRICT JUDGE

---

[1] This Court finds that the petitioner is now required to pay the filing fee of $350.00 to pursue a *Bivens* action challenging the conditions of his confinement unless he can meet the exception to 28 U.S.C. § 1915(g). *See Banks v. Duckworth*, civil action 5:07cv214-DCB-MTP (S.D. Miss. March 14, 2008) (Order [3] entered 12/7/07).